NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

---

CHAULA S. BHATT,

               Plaintiff,

v.                                     Civil Action No. 3:16-cv-5654-BRM-DEA

COMMISSIONER OF NJDOL, *et al.*,

                                    **OPINION**

               Defendants.

---

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is Defendant Middlesex County Social Welfare Board's ("Middlesex") Motion to Dismiss pursuant to Rule 12(b)(6). (ECF No. 67.) Because Middlesex has also filed an Answer, the Court may not consider its Motion pursuant to Rule 12(b)(6) and may only consider it pursuant to Rule 12(c). *Dare v. Twp. of Hamilton*, No. 13-1636, 2013 WL 6080440, at *1 (D.N.J. Nov. 18, 2013) ("Because the Defendants previously filed an answer, the Court will construe this motion as a motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure."). Regardless, whether the Court considers the Motion as brought pursuant to Rule 12(b)(6) or Rule 12(c), the standard is identical. *Newton v. Greenwich Twp.*, No. 12-238, 2012 WL 3715947, at *2 (D.N.J. Aug. 27, 2012). *Pro se* Plaintiff Chaula S. Bhatt ("Bhatt") responded to the Motion. (ECF No. 72.) Having reviewed the submissions filed in connection with the Motion and having declined to hear oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below and for good cause shown, Middlesex's Motion to Dismiss is **GRANTED**.

## I. BACKGROUND

### A. Factual Background

For the purposes of this Motion, the Court accepts the factual allegations in the Complaint as true, considers any document "integral to or explicitly relied upon in the complaint," and draws all inferences in the light most favorable to Bhatt. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997); *see Phillips v. Cty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008); *see Newton*, 2012 WL 3715947, at *2 ("The difference between a motion to dismiss pursuant to Rule 12(b)(6) and Rule 12(c) is only a matter of timing and the Court applies the same standard to a Rule 12(c) motion as it would to a Rule 12(b)(6).").

Though difficult to glean from the Amended Complaint the necessary facts giving rise to this claim, Bhatt's claims generally relate to an allegation that she is owed unemployment benefits and does not owe a refund to the New Jersey Department of Labor ("NJDOL"). (Am. Compl. (*See* ECF No. 15).) She seems to also allege Middlesex engaged in a scheme with NJDOL to keep her from receiving social welfare assistance. (*Id.* ¶¶ 22, 34.)

Bhatt has been unemployed since 2009 due to alleged "state aided, encouragement, retaliation of AT&T through its business affiliates which resulted in needs of filing for an [sic] unemployment benefit claims on multiple occasions, all of which resulted into denials, delays, problems and/or artificial debts . . . fabricated by NJ-UI department." (*Id.* ¶ 62.) On May 8, 2016, Bhatt submitted her a weekly unemployment compensation benefits. (*Id.* ¶ 37.) In the process of submitting her claim, Bhatt alleges the unemployment compensation benefits system "showed the summary stating that [Bhatt] was over paid $6,709 in compensation benefits, years ago, in 'Error' by workers of NJ-DOL and/or purposely unintegrated computerized systems of NJ-DOL, implemented in practice by NJ-DOL commissioner to aid involved defendants and similar

corporations always preferred by NJ." (*Id.* ¶¶ 37, 43.) Bhatt "further alleges . . . she was given the reasons that [she] was overpaid during 2010 and 2011 after her unlawful terminations from AT&T due to 'Errors' of State's Unemployment Department in making overpayments to [Bhatt] long ago during 2009 and 2010." (*Id.* ¶ 43.) As such, Bhatt's claim for unemployment benefits was denied or temporarily stayed because she owed the State of New Jersey $6,709, because they overpaid her in the past. (*Id.* ¶¶ 91-92.) Bhatt appealed her denial and request to refund $6,709 in overpaid unemployment benefits, was granted a hearing as to her appeal, but was ultimately denied benefits and asked to refund the amount overpaid by the New Jersey Division of Unemployment. (*Id.* ¶¶ 86, 95.) Bhatt alleges the NJDOL Defendants with the help of AT&T fabricated an "artificial debt" in thousands of dollars for unemployment benefits. (*Id.* ¶¶ 12, 26.)

As to Middlesex, Bhatt alleges due to her lack of employment and NJDOL's denial of unemployment benefits she was required to "take some assistance in the form of food stamp[s] . . . from [Middlesex]." (*Id.* ¶ 28.) However, she alleges that assistance was "denied and abruptly terminated multiple times." (*Id.*)

### B. Procedural History

On September 16, 2016, Bhatt filed her Initial Complaint against the NJDOL Defendants and Middlesex County Social Welfare. (Compl. (ECF No. 1).) On March 21, 2017, Bhatt filed an Amended Complaint adding Defendants Planet Associates Inc., Collabera Inc. ("Collabera"), and Judy Kramer ("Kramer") and alleging eight counts: (1) conspiracy to interfere with Bhatt's civil rights; (2) intentional infliction of emotional distress; (3) conversion; (4) unjust enrichment; (5) unpaid and delayed unemployment and welfare benefits claim; (6) overpayment statement/record keeping claim; (7) common law fraud; and (8) gross negligence. (Am. Compl. (ECF No. 15).)

3

On June 7, 2017, the NJDOL Defendants filed a Motion to Dismiss the Amended Complaint. (ECF No. 31.) On July 10, 2017, Middlesex County Social Welfare Board filed an Answer to the Amended Complaint. (ECF No. 41.) On July 19, 2017, Collabera and Judy Kramer filed a Motion to Dismiss the Amended Complaint. (ECF No. 44.) On September 12, 2017, Bhatt filed responses to the motions to dismiss. (ECF Nos. 51 and 52.) In addition, she filed a Response to Middlesex County Social Welfare Board's Answer to her Amended Complaint. (ECF No. 53.) On January 30, 2018, the Court granted Kramer and Collabera's Motion to Dismiss and granted in part NJDOL's Motion to Dismiss. (ECF Nos. 62 and 63.)

On February 23, 2018, Middlesex filed this Motion. (ECF No. 67.) On March 13, 2018, Bhatt filed a response to Middlesex's Motion to Dismiss. (ECF No. 72.) However, her response does not address the merits of Middlesex's Motion and is wholly unrelated to this matter. (*Id.*) Instead, the filing informs the Court that Middletown Municipality recently repealed one of its municipal ordinances, which "happens to be the ordinance under which [Bhatt] had been fraudulently convicted as a result of a fraudulent charge sheet." (*Id.*)

## II. LEGAL STANDARDS

### A. Federal Rule of Civil Procedure 12(b)(1)

Rule 12(b)(1) mandates the dismissal of a case for "lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1). An assertion of Eleventh Amendment immunity is a challenge to a district court's subject-matter jurisdiction. *See Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 693 n.2 (3d Cir. 1996) ("[T]he Eleventh Amendment is a jurisdictional bar which deprives federal courts of subject matter jurisdiction.") (citing *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 98-100 (1984)). Typically, when jurisdiction is challenged pursuant to Rule 12(b)(1), the plaintiff bears the burden of persuading the court that subject-matter jurisdiction exists. *Kehr*

4

*Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991). However, because "Eleventh Amendment immunity can be expressly waived by a party, or forfeited through non-assertion, it does not implicate federal subject matter jurisdiction in the ordinary sense," and therefore, a party asserting Eleventh Amendment immunity bears the burden of proving its applicability. *Christy v. Pa. Turnpike Comm.*, 54 F.3d 1140, 1144 (3d Cir. 1994); *see also Carter v. City of Phila.*, 181 F.3d 339, 347 (3d Cir. 1999).

When evaluating a Rule 12(b)(1) motion to dismiss, a court must first determine whether the motion attacks the complaint as deficient on its face, or whether the motion attacks the existence of subject-matter jurisdiction in fact, apart from any pleadings. *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). If the motion consists of a facial attack, the court "must accept the complaint's allegations as true," *Turicentro v. Am. Airlines*, 303 F.3d 293, 300 n.4 (3d Cir. 2002), and "must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff," *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000) (citing *Mortensen*, 549 F.2d. at 891). However, if the motion involves a factual attack, "the court may consider evidence outside the pleadings." *Gould*, 220 F.3d at 176 (citing *Gotha v. United States*, 115 F.3d 176, 178-79 (3d Cir. 1997)). Here, the Motion to Dismiss for lack of jurisdiction is a facial attack, because Middlesex asserts it is immune from Bhatt's claims as pled. Therefore, on this question of immunity, the Court's review is limited to the allegations in the Complaint, which the Court must accept as true and view in the light most favorable to Bhatt.

### B. Federal Rule of Civil Procedure 12(b)(6)

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [plaintiff]." *Phillips*, 515 F.3d at 228. "[A] complaint attacked by a . . . motion to dismiss does not need detailed factual allegations." *Bell Atl. v. Twombly*, 550 U.S. 544, 555 (2007). However, the Plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286. Instead, assuming the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Id.* This "plausibility standard" requires the complaint allege "more than a sheer possibility that a defendant has acted unlawfully," but it "is not akin to a 'probability requirement.'" *Id.* (citing *Twombly*, 550 U.S. at 556). "Detailed factual allegations" are not required, but "more than an unadorned, the defendant-harmed-me accusation" must be pled; it must include "factual enhancements" and not just conclusory statements or a recitation of the elements of a cause of action. *Id.* (citing *Twombly*, 550 U.S. at 555, 557).

"Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

While, as a general rule, a court many not consider anything beyond the four corners of the complaint on a motion to dismiss pursuant to 12(b)(6), the Third Circuit has held "a court may consider certain narrowly defined types of material without converting the motion to dismiss [to one for summary judgment pursuant under Rule 56]." *In re Rockefeller Ctr. Props. Sec. Litig.,* 184 F.3d 280, 287 (3d Cir. 1999). Specifically, courts may consider any "document *integral to or explicitly relied upon* in the complaint." *In re Burlington Coat Factory Sec. Litig.,* 114 F.3d at 1426.

**C. Federal Rule of Civil Procedure 12(c)**

Federal Rule of Civil Procedure 12(c) provides: "After the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Pursuant to Rule 12(c), the movant for judgment on the pleadings must establish: (1) that no material issue of fact remains to be resolved; and (2) the entitlement to judgment as a matter of law. *See Rosenau v. Unifund Corp.*, 539 F.3d 218, 221 (3d Cir. 2008) (citing *Jablonski v. Pan Am. World Airways, Inc.*, 863 F.2d 289, 290-91 (3d Cir. 1988). In resolving a motion made pursuant to Rule 12(c), the Court must view the facts in the pleadings and the inferences therefrom in the light most favorable to the non-movant. *See Rosenau*, 539 F.3d at 221.

Furthermore, even though a motion for judgment on the pleadings is appropriate after the pleadings have been closed, such a motion is reviewed under the same standards that apply

7

to a motion to dismiss made under Rule 12(b)(6). *See Szczurek v. Prof'l Mgmt. Inc.*, 627 F. App'x 57, 60 (3d Cir. 2015) (citing *Revell v. Port Auth. of N.Y. & N.J.*, 598 F.3d 128, 134 (3d Cir. 2010)); *see also Muhammad v. Sarkos*, 2014 WL 4418059 (D.N.J. Sept. 8, 2014) ("Where a defendant's motion is one for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), it is treated under the same standards as a Rule 12(b)(6) motion where it alleges that a plaintiff has failed to state a claim.") (citing *Turbe v. Gov't of V.I.*, 938 F.2d 427, 428 (3d Cir. 1991); *Gebhart v. Steffen*, 574 F. App'x 156, 157 (3d Cir. 2014)).

**III. DECISION**

Middlesex moves to dismiss Bhatt's Amended Complaint on two grounds, failure to state a claim and Eleventh Amendment Immunity. (*See* ECF No. 67-1.) Because a challenge based on Eleventh Amendment immunity is a challenge to a district court's subject-matter jurisdiction, and the Court ultimately finds Middlesex is entitled to immunity, it need not address the merits of the Rule 12(c) Motion.[1]

**A. Eleventh Amendment Immunity**

Middlesex argues it should be dismissed as a defendant to this suit because it is entitled to Eleventh Amendment immunity. (ECF No. 67-1 at 36-37.) Pursuant to the Eleventh Amendment, "nonconsenting states may not be sued by private individuals in federal court unless Congress

---

[1] Nevertheless, the Court notes that even though Bhatt filed a response to Middlesex's Motion to Dismiss, her response does not address any of the issues in Middlesex's Motion and is wholly unrelated to this matter. (ECF No. 72.) Instead, the filing informs the Court that Middletown Municipality recently repealed one of its municipal ordinances, which "happens to be the ordinance under which [Bhatt] had been fraudulently convicted as a result of a fraudulent charge sheet." (*Id.*) As such, regardless of whether Middlesex is entitled to immunity, all Counts against Middlesex are deemed abandoned by the Court. *See Michel v. Wicke*, No. 10–3892, 2011 U.S. Dist. LEXIS 81153, at *6, 2011 WL 3163236 (D.N.J. July 25, 2011) ("Plaintiff fails to address this issue in his opposition to the Motion to Dismiss. As such, this argument is deemed abandoned by the Court.").

abrogates the state's immunity pursuant to a valid exercise of its power." *Hogg's*, 352 F. App'x at 628 (citing *Bd. of Trustees of the Univ. of Ala. v. Garrett*, 531 U.S. 356, 363-64 (2001)). "[E]ven in actions where the state is not a named party, where the state is deemed to be the real party in interest, a suit will be barred by the Eleventh Amendment." *Custin*, 2016 WL 1157644, at *3 (citing *Benn v. First Judicial Dist. of Pa.*, 426 F.3d 233, 239 (3d Cir. 2005)).

> "To determine whether a suit against a state entity is a suit against the state, courts are to consider the following factors: (1) whether the source of the money to pay a judgment would be the state treasury, (2) the status of the entity under state law, and (3) the entity's degree of autonomy."

*Id.* (citing *Fitchik v. N.J. Transit Rail Ops.*, Inc., 873 F.2d 655, 659 (3d Cir. 1989)).

Middlesex is a part of the State of New Jersey Department of Human Services, Division of Family Development. (ECF No. 67-1 at 37); see State Of New Jersey, Department of Human Services Division of Family Development, County Boards of Social Services, https://www.state.nj.us/humanservices/dfd/programs/njsnap/cbss/index.html. "The Department of Human Services is a principal department in the executive branch of the New Jersey state government, N.J. Stat. Ann. 30:1–2, and is therefore immune from suit in federal court." *Fladger v. Trenton Psychiatric E. 2 Treatment Team*, No. 12-5982, 2013 WL 3271018, at *7 (D.N.J. June 27, 2013) (citing *Weisman v. N.J. Dep't of Human Servs.*, 817 F. Supp. 2d 456, 464 n.10 (D.N.J. 2011); *Brown ex rel. Payton v. Ancora Psychiatric Hosp.*, No. 11–7159, 2012 WL 4857570, *1 (D.N.J. Oct. 11, 2012)). Therefore, Middlesex is immune from suit in federal court.

Bhatt does not contend that congressional abrogation or state waiver applies to this case, nor does the Court find that she could. A state may waive its Eleventh Amendment immunity, however, "the conclusion by a court that there has been a waiver will not be lightly inferred." *Daye v. Com. of Pa.*, 483 F.2d 294, 298 (3d Cir. 1973). A waiver must be "clear and unequivocal." *Id.*

9

Lastly, Eleventh Amendment immunity may be raised at any time during the pendency of a case. *College Sav. Bank v. Florida Prepaid Postsecondary Educ. Expense Bd.*, 131 F.3d 353, 365 (3d Cir. 1997). "Merely because a state appears and offers defenses on the merits of the case, it does not automatically waive Eleventh Amendment immunity." *Id*. The Court does not find a clear and unequivocal waiver. The fact that Middlesex filed an Answer is also not determinative. Accordingly, Middlesex's Motion to Dismiss is **GRANTED**.

**IV. CONCLUSION**

For the reasons set forth above, Middlesex's Motion to Dismiss is **GRANTED**. Accordingly, Defendant Middlesex is dismissed from the action.


Date: September 18, 2018  */s/ Brian R. Martinotti*  
　　　　　　　　　　　　　　　　　　　　**HON. BRIAN R. MARTINOTTI**  
　　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**